No. 16-30213

—————————————

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN DOUGLAS ROCKETT,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the District of Oregon
Portland Division
No. 3:13-cr-00557-SI
The Honorable Michael H. Simon, Judge

—————————————

REPLY BRIEF OF APPELLANT

—————————————

Stephen R. Sady
Chief Deputy Federal Public Defender
Lisa Ma
Research and Writing Attorney
101 SW Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123

Attorneys for Defendant-Appellant

# TABLE OF CONTENTS

**Page**

Table Of Authorities ........................................................................ iii

Introduction ...................................................................................1

Argument.......................................................................................2

A.  The Production Of Child Pornography Convictions Should Be Reversed Because The Question Of Whether The Images Were Prohibited Depended On Whether The Images Were Intended To Elicit A "Sexual Response," An Unconstitutionally Vague Standard For Proscribed Images. ........................................................2

   1.  The Government's Brief Focuses On Uncharged Conduct. ........................................................................3

   2.  The Definition Of "Lascivious Exhibition" Is A Question Of Law Reviewed De Novo.......................................5

   3.  The Defendant Did Not Waive His Right To Challenge The Constitutionality Of His Convictions. ................8

   4.  Whether An Image Is Intended To Elicit A "Sexual Response" In The Viewer Is An Unconstitutionally Vague Standard. ......................................................................9

B.  The Government Failed To Prove Beyond A Reasonable Doubt That The Images Sought Or Produced Depicted A "Lascivious Exhibition Of The Genitals" .............................................12

   1.  This Court Should Review De Novo Whether The Images Depict A Lascivious Exhibition Of The Genitals.....................12

   2.  For Counts 4 (M.G.), 5 (H.G.), and 6 (N.S.), The Government Failed To Prove That The Requests For Photos Were Attempts To Produce Sexually Explicit Photos.........................................................................14

a.  For Counts 4 (M.G.) And 5 (H.J.), The Government Did Not Prove That Requests For Nude Photos Of M.G. And H.J. Were Requests For Lascivious Exhibitions Of Their Genitals.........................................15

b.  For Count 6 (N.S.), The Government Did Not Prove That Requests For Nude Photos Of N.S. Were Requests For Lascivious Exhibitions Of Her Genitals. ........................................................................17

3.  For Counts 7 (D.S.) And 8 (B.S.), The Government Failed To Prove That Surreptitious Videotapes Of Minors In The Bathroom Depicted A Lascivious Exhibition Of The Genitals. ..............................................................19

4.  For Count 1, The Government Invited The Jury To Convict Under A Number Of Theories That Were Not Sufficiently Supported By The Evidence. ...............................23

a.  The Government Failed To Specify The Conduct Charged In Count 1........................................................24

b.  The Government Did Not Prove Mr. Rockett Produced Child Pornography Under Any Of Its Theories. ........................................................................26

c.  Count 1 Should Not Have Been Submitted To The Jury........................................................................27

Relief Requested .......................................................................29

Certificate Of Compliance With Rule 32(a) ...........................................32

Certificate Of Service................................................................33

ii

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Blackledge v. Perry*,
  417 U.S. 21 (1974) ................................................................ 6

*City of Chicago v. Morales*,
  527 U.S. 41 (1971) ........................................................ 11, 12

*Coates v. Cincinnati*,
  402 U.S. 611 (1971) ............................................................ 11

*Jacobson v. United States*,
  503 U.S. 540 (1992) ................................................... 1-2, 17

*Johnson v. United States*,
  135 S. Ct. 2551 (2015) ...................................................... 11

*Leocal v. Ashcroft*,
  543 U.S. 1 (2004) ............................................................... 11

*Paris Adult Theatre I v. Slaton*,
  413 U.S. 49 (1973) ............................................................. 17

*Shoemaker v. Taylor*,
  730 F.3d 778 (9th Cir. 2013) ............................................ 13

*Skilling v. United States*,
  561 U.S. 358 (2010) ........................................................ 5, 6

*United States v. Amirault*,
  173 F.3d 28 (1st Cir. 1999) ................................... 16, 17, 19

*United States v. Battershell*,
  457 F.3d 1048 (9th Cir. 2006) ............................... 18, 19, 22

*United States v. Bibler*,
  495 F.3d 621 (9th Cir. 2007) ............................................. 6

*United States v. Bohn*,
  956 F.2d 208 (9th Cir. 1992) ............................................ 13

*United States v. Brunette*,
    256 F.3d 14 (1st Cir. 2001) ............................................................... 13

*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) (en banc) ............................................. 14

*United States v. Dost*,
    636 F. Supp. 828 (S.D. Cal. 1986) .......................................... *passim*

*United States v. Evans-Martinez*,
    611 F.3d 635 (2010) ............................................................................ 6

*United States v. Garrido*,
    713 F.3d 985 (9th Cir. 2013) .............................................................. 8

*United States v. Gilley*,
    836 F.2d 1206 (9th Cir. 1988) ......................................................... 28

*United States v. Gonzalez*,
    528 F.3d 1207 (9th Cir. 2008) ......................................................... 13

*United States v. Hill*,
    459 F.3d 966 (9th Cir. 2006) ...................................................... 2, 14

*United States v. Johnson*,
    No. 2:10-CR-71-FTM-36DNF, 2011 WL 2446567 (M.D. Fla. June 15, 2011)
    ................................................................................... 20, 21, 22

*United States v. Lapier*,
    796 F.3d 1090 (9th Cir. 2015) ......................................................... 28

*United States v. Larkin*,
    629 F.3d 177 (3d Cir. 2010) ............................................................ 22

*United States v. Mitchell H.*,
    182 F.3d 1034 (9th Cir. 1999) ......................................................... 30

*United States v. Myers*,
    804 F.3d 1246 (9th Cir. 2015) ........................................................... 9

*United States v. Olano*,
    507 U.S. 725 (1993) .................................................................... 7, 8

*United States v. Perez*,
116 F.3d 840 (9th Cir. 1997) .......................................................... 7, 9

*United States v. Perkins*,
850 F.3d 1109 (9th Cir. 2017) ....................................... 12, 14, 18, 19

*United States v. Preston*,
873 F.3d 829 (9th Cir. 2017) ............................................................ 16

*United States v. Ross*,
338 F.3d 1054 (9th Cir. 2003) .......................................................... 14

*United States v. Sandsness*,
988 F.2d 970 (9th Cir. 1993) .............................................................. 7

*United States v. Steen*
634 F.3d 822 (5th Cir. 2011) ................................................... *passim*

*United States v. Stewart*,
420 F.3d 1007 (9th Cir. 2005) .......................................................... 27

*United States v. Torres*,
828 F.3d 1113 (9th Cir. 2016) ........................................................ 6, 7

*United States v. Vazquez-Hernandez*,
849 F.3d 1219 (9th Cir. 2017) ............................................................ 7

*United States v. Wells*,
843 F.3d 1251 (10th Cir. 2016), *cert. denied*, No. 16-8379, 2017 WL 1037293
(U.S. Oct. 2, 2017) .......................................................................... 22

*United States v. Wiegand*,
812 F.2d 1239 (9th Cir. 1987) ....................................... 1, 5, 9, 14, 17

*United States v. Williams*,
553 U.S. 285 (2008) ............................................................ 1, 16, 22

## FEDERAL STATUTES

18 U.S.C. § 2256(2)(A) .............................................................. 11, 15, 18

18 U.S.C. § 2251 ............................................................................ 5, 14

28 U.S.C. § 2106 ................................................................................. 30

**Introduction**

The government's answering brief depends on three basic misdirections: reliance on facts not charged in the federal indictment; clumping the evidence to prove unsupported convictions by means of prejudicial spillover; and adherence to a non-statutory analysis that – when properly analyzed based on Supreme Court authority – cannot support the convictions under the statutes charged. The government begins its brief with an invitation for this Court to decide the case based on repugnance for conduct that formed the basis for state charges that the government asserted at sentencing "were factually and temporally distinct from the conduct at issue in this federal case." When limited to the charges in the indictment, the statute does not support conviction based on both evidentiary insufficiency and evidentiary spill-over between conduct covered by and excluded from the statute, as asserted in the statement of issues in the opening brief. The statutes as applied in this case cannot support the convictions based on three controlling principles of law:

- "'Sexually explicit conduct' connotes actual depiction of the sex act rather than merely the suggestion that it is occurring." *United States v. Williams*, 553 U.S. 285, 297 (2008);

- "Private fantasies are not within the statute's ambit." *United States v. Wiegand*, 812 F.2d 1239, 1245 (9th Cir. 1987); *see also Jacobson v.*

1

*United States*, 503 U.S. 540, 551-52 (1992) ("a person's inclinations and 'fantasies ... are his own and beyond the reach of government.'"); and

- "[N]ot all images of nude children are pornographic." *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006).

The trial court implemented the statute in a manner that is inconsistent with these principles. The Court should reject the government's departure from the core issues and reverse the convictions.

**Argument**

**A. The Production Of Child Pornography Convictions Should Be Reversed Because The Question Of Whether The Images Were Prohibited Depended On Whether The Images Were Intended To Elicit A "Sexual Response," An Unconstitutionally Vague Standard For Proscribed Images.**

The jury's consideration of subjective intent in deciding whether an image constitutes a "lascivious exhibition of the genitals" is reviewed de novo. Because the subjective component injects unconstitutional vagueness, the Court should bar subjective considerations in expanding the statutory language beyond its objective scope. The government's focus on uncharged conduct in its answering brief illustrates the danger of the vague standard in this and all similar cases.

2

### 1.     *The Government's Brief Focuses On Uncharged Conduct.*

Without stating that the conduct is not charged in the federal indictment, the government's brief begins with repeated references and a bold-lettered subheading with a description of child rape. Resp. Br. at 2-3. The government does not advise this Court in its brief that the conduct is not charged in the federal indictment. As the government asserted at sentencing, the child rape, which was the subject of a separate state prosecution that resulted in a 600-month sentence, was "factually and temporally distinct from the conduct at issue in this federal case." Presentence Report, Govt. Objection Letter, at page 1. The charge related to N.S. is Count 6, which involves an unsuccessful attempt two years later to obtain images that do not constitute images of "lascivious exhibition" as properly construed.

The government's misdirection is telling in three ways. First, the distraction from the actual charges clouds the essence of the claims on appeal: there is a difference between photographs that invade privacy and may stir fantasies among pedophiles and those that objectively fall within the "lascivious exhibition" definition. No image admitted at trial approached the government's dramatic claim that a camera captured "the image of his own penis as it entered her vagina," an allegation not charged in the indictment. Resp. Br. at 2. The uncharged conduct,

featured prominently at trial and on appeal, has no legitimate relevance to the legal questions before this Court.

Second, by leading its brief with uncharged conduct, the government illustrates the danger of hinging criminal liability on a subjective standard of the viewer, rather than objective conformance to a stated legal standard. The government cites the child rape as evidence that photographs of naked children were intended "for his own sexual gratification." Resp. at 19. Under the objective standard advocated by the defense, the subjective intention would be irrelevant. By continuing to use the prejudicial effect of uncharged conduct on appeal, the government illustrates the unfair prejudice that logically flows from injecting a subjective standard into a statutory element describing proscribed images.

Third, the government's use of the uncharged conduct illustrates the prejudicial spillover that occurred in this case between charged and uncharged conduct. With the indictment failing to specify which conduct was the predicate for the Count 1 conviction, the jury was free to convict based on facts upon which the jury was not required to unanimously agree. Just as the government is inviting this Court to affirm based on uncharged conduct, the jury was invited to convict on that basis.

Of the six counts of conviction under 18 U.S.C. §§ 2251(a) and (e), three of those counts (Counts 4, 5, and 6) were for soliciting nude photos of children (M.G., H.G., and N.S., respectively), two (Counts 7 and 8) were for surreptitiously recording children in the bathroom (D.S. and B.S., respectively), and Count 1 was for overseas activity covering many years with no specific conduct enumerated. The government's focus on uncharged conduct, without clearly identifying the conduct as uncharged, sharply illustrates the need for an objective standard and judicial decision-making based on rule of law rather than revulsion.

### 2. The Definition Of "Lascivious Exhibition" Is A Question Of Law Reviewed De Novo.

"The definition of 'lascivious' is a matter of law which we review de novo." *Wiegand*, 812 F.2d at 1244. In this appeal, the defense contends that the statutory element, as implemented by the trial court, expanded proscribed conduct beyond the objective core of the offense to vague and peripheral conduct defined by the defendant's subjective reactions. Op. Br. at 24-47. In the context of a potentially vague and overbroad statute, the Court first must construe the statute to determine if by construction the statute can be pared to its legitimate core. *Skilling v. United States*, 561 U.S. 358, 403-06 (2010). By construing the statute's compass to be limited to proscribe only conduct that meets an objective definition of "lascivious exhibition," the Court saves the statute from unconstitutional vagueness while

5

establishing (1) "a uniform national standard" that (2) defines the proscribed conduct "with clarity" (3) to reach only seriously culpable conduct. *Skilling*, 561 U.S. at 411.

The government, after trying the case below based on model jury instructions and its assertion that the defendant's subjective intention could make lascivious what would not objectively meet such a standard, now claims the defendant has waived his right to be convicted only based on statutorily proscribed conduct. Resp. Br. at 20. This Court reviews de novo and not for plain error where the question presented "'is purely one of law' and where 'the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.'" *United States v. Torres*, 828 F.3d 1113, 1124-25 (9th Cir. 2016) (quoting *United States v. Evans-Martinez*, 611 F.3d 635, 642 (2010)).

In *Torres*, the government argued that, by entering a plea of guilty with an appeal waiver, the defendant was foreclosed from arguing that his guidelines range was unconstitutionally enhanced under the vague residual clause defining crimes of violence. 828 F.3d. at 1125. This Court directly rejected that view, stating that a "waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'" *Id.* (quoting *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)); *see also Blackledge v. Perry*, 417 U.S. 21, 31 (1974) (guilty plea does not foreclose due process claim through a

6

federal writ of habeas corpus); *United States v. Sandsness*, 988 F.2d 970, 971 (9th Cir. 1993) ("While a guilty plea waives all nonjurisdictional defects and fact issues, it does not bar constitutional challenges. Matters of law are reviewed de novo."). Unlike *Torres*, this case involved a trial and no waiver of appellate rights. Just as in *Torres*, where this Court reached the pure legal question of statutory construction on a guilty plea, the purely legal question of the constitutional definition of "lascivious exhibition" should be reviewed de novo.

Even under a plain error review, the Court should determine that the erroneous definition of the proscribed conduct meets the standard for reversal. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). A forfeited issue should be corrected when (1) there is error (2) that is plain, (3) affects substantial rights, and (4) seriously affects "the fairness, integrity or public reputation of judicial proceedings." 116 F.3d at 846 (quoting *United States v. Olano*, 507 U.S. 725, 732-35 (1993)). Convictions based on misstatement of an essential element of the crime involve plain error affecting substantial rights. *See United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1228-29 (9th Cir. 2017) (erroneous omission of jury instruction that illegal reentry required specific intent to enter country free from official restraint affected defendant's substantial rights when "there is a reasonable probability the erroneous instruction, which permitted the jury to rely on a theory it

7

should have discarded, impacted the outcome of the trial"); *see also United States v. Garrido*, 713 F.3d 985, 998 (9th Cir. 2013) (upholding a conviction where "the indictment, the jury instructions and the closing arguments at trial were permeated with the prohibited ... theory" would constitute a miscarriage of justice).

> 3. *The Defendant Did Not Waive His Right To Challenge The Constitutionality Of His Convictions.*

The government contends that, because the defense submitted jury instructions with the unconstitutionally vague provisions (CR 112 at 12), the defense invited error, and the Court should review only when it is necessary to preserve the integrity of the judicial process or prevent a miscarriage of justice. Resp. Br. at 21. In this case, however, the government submitted the same instructions (CR 96 at 49), and the instructions submitted by the parties conformed to this Court's model jury instructions. Throughout the litigation below, the defense consistently argued the images did not constitute depictions of sexually explicit conduct, as elaborated in its trial memorandum. FER 5. This is not a case where a tactical choice was made to obtain an unfair advantage.

The doctrine of invited-error does not apply here because Mr. Rockett did not relinquish a known right, which is the minimum requirement for application of the doctrine. *Olano*, 507 U.S. at 733. This Court has explained that Supreme Court precedent only permits application of the invited-error doctrine when the defendant

8

relinquishes a known right that is waivable. *United States v. Myers*, 804 F.3d 1246, 1255 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1393 (2016) (citing *United States v. Perez,* 116 F.3d 840, 845 (9th Cir. 1997)). In this case, to find that Mr. Rockett waived his right to challenge the six-factor *Dost* test as unconstitutionally vague, this Court must find that (1) a criminal defendant can, in fact, waive the vagueness challenge, *and* (2) Mr. Rockett knowingly did so here. The government has not established that either of the preconditions for invited error applies.

> 4. *Whether An Image Is Intended To Elicit A "Sexual Response" In The Viewer Is An Unconstitutionally Vague Standard.*

For the six counts of producing child pornography (Counts 1, 4, 5, 6, 7, and 8), Mr. Rockett was convicted based on an unconstitutionally vague, non-statutory jury instruction based on the six-factor test articulated in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. Wiegand*, 812 F.2d 1239, in violation of his due process rights. The government argues that that this Court has already rejected Mr. Rockett's vagueness claim in *Wiegand*. Resp. Br. at 21-22, 26. It did not. *Wiegand* considered whether the statutory term "lascivious" was vague, not whether the *Dost* factors were. *Wiegand*, 812 F.2d at 1244.

Under the *Dost* factors, in determining whether "an image constitutes a lascivious exhibition of the genitals or pubic area of any person," the jury could consider, "Whether the image is intended or designed to elicit a sexual response in

9

the viewer." ER 28. The last *Dost* factor is vague because it fails to distinguish between the "sexual response" of a pedophile, a voyeur, and an ordinary person. The same surreptitious nude video of a minor showering could "elicit a sexual response" in a pedophile, a voyeur, and an ordinary person, but for different reasons. This was the critical distinction highlighted by the Fifth Circuit in *United States v. Steen*. 634 F.3d 822, 827-28 (5th Cir. 2011).

The court in *Steen* reversed the defendant's conviction for production of child pornography for surreptitiously videotaping a minor in a tanning salon booth. 634 F.3d at 824. The court found that the video was not intended or designed to elicit a sexual response of the viewer because, "[e]ven if one assumes Steen was stirred by his voyeuristic pursuits, there is insufficient evidence to conclude that the image of C.B.'s genitals was designed to elicit a sexual response or whether, perhaps, merely being a voyeur excited Steen." 634 F.3d at 828.

"Sexual response" is unconstitutionally vague in this context because the type of sexual interest is not specified. It is unclear whether an image "intended or designed to elicit a sexual response" appeals to the pedophile, voyeur, or ordinary person's prurient interest. The statute, in focusing on depictions of minors and defining sexually explicit conduct to include the phrase "lascivious exhibition of the genitals," targets the pedophile's interest in the child's genitals. 18 U.S.C.

10

§2256(2)(A)(i)-(v); *see Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004) ("[W]e cannot forget that we ultimately are determining the meaning of the term 'crime of violence'"). But the last *Dost* factor permitted a conviction considering whether "the image is intended or designed to elicit a sexual response in the viewer" without specifying that the sexual desire elicited must be in response to the subject minor's display of undeveloped genitals, rather than to the subject's state of undress or obliviousness to the recording.

The Supreme Court has consistently invalidated criminal statutes dependent on similarly vague standards. In *Coates v. Cincinnati*, the Court held an ordinance prohibiting "conduct annoying to persons passing by" unconstitutionally vague because it failed to put people on notice of what conduct was criminally "annoying." 402 U.S. 611, 614 (1971). Similarly, in *City of Chicago v. Morales*, the Supreme Court struck down on vagueness grounds an ordinance that prohibited remaining in any one place with "no apparent purpose" in the company of a gang member. 527 U.S. 41, 57-58 (1971). In *Johnson v. United States*, the Court invalidated a statute "in all its applications" because the statute provided no objective criteria for courts to determine whether the "ordinary case" of a crime presented a "serious potential risk of physical injury." 135 S. Ct. 2551, 2561 (2015). The "sexual response" language presents the same constitutional infirmities as "annoy" in *Coates*, "no

11

apparent purpose" in *Morales*, and the "ordinary case" in *Johnson*. The last *Dost* factor potentially criminalizes a broad range of image-sharing activities, especially in the modern exhibitionist age of Snapchat and Instagram, without providing guidance to the fact-finder on the type of sexual response that is proscribed.[1]

**B.     The Government Failed To Prove Beyond A Reasonable Doubt That The Images Sought Or Produced Depicted A "Lascivious Exhibition Of The Genitals."**

Even under the unconstitutionally vague *Dost* test, the government failed to meet its burden to show that each image depicted or sought to depict a "lascivious exhibition of the genitals" rather than mere nudity. This Court should examine the images do novo and find that the government has failed to prove that each depicts lascivious exhibitions of minors' genitals.

> *1.     This Court Should Review De Novo Whether The Images Depict A Lascivious Exhibition Of The Genitals.*

This Court is "obligated, where possible, to review de novo the legal determination that a given image depicts a 'lascivious exhibition of the genitals.'" *United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017) (quoting *United States*

---

[1] *See* "Juveniles Charged With Running Child Porn Instagram Account." *CBS Miami* (February 12, 2015) (available at http://miami.cbslocal.com/2015/02/12/juveniles-charged-with-running-child-porn-instagram-account/); "Snapchat Tied To Child Pornography Investigation." *Digital Trends* (November 14, 2013) (available at https://www.digitaltrends.com/social-media/snapchat-child-porn-problem/).

*v. Brunette*, 256 F.3d 14, 17 (1st Cir. 2001)); *Shoemaker v. Taylor*, 730 F.3d 778, 785-86 (9th Cir. 2013) (considering *Dost* factors in de novo review of the images). Defense counsel raised his sufficiency of evidence objections as to Counts 4, 5, 7, 8, and 9 at the end of trial. Supplemental Excerpts of Record (SER) 475.

As the government points out, the same sufficiency of evidence issues affected Counts 1 and 6, but defense counsel did not challenge those counts at the close of trial. Resp. Br. at 20-21; *see United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) ("Although we ordinarily decline to consider arguments raised for the first time in a reply brief, we may consider them if, as here, the appellee raised the issue in its brief."). Defense counsel did raise the same issue as to all the counts in its trial memorandum before the district court: "Defendant anticipates the need to move for judgment of acquittal … [because] many, if not all[,] of the images offered in [the government's] case in chief will *not* depict minors engaged in sexually explicit conduct." FER 5. Motions for judgments of acquittal are reviewed de novo. *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008). Because defense counsel raised its sufficiency of evidence objections to all the counts in its trial memorandum before the district court, this Court should review de novo all the counts for sufficiency of the evidence. Alternatively, a sufficiency of evidence claim

13

that was not raised at trial is reviewed for plain error. *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003).

"Necessarily in deciding whether the district court erred as to the facts, we must view the pictures ourselves and must interpret the statutory term." *Wiegand*, 812 F.2d at 1244. This Court should review Government Exhibit 10, which contains the visual depictions challenged in Counts 1, 7, 8, and 9. *See United States v. Curtin*, 489 F.3d 935, 959 (9th Cir. 2007) (en banc) (instructing court to review stories containing graphic description of sexual activity between adults and children when exercising its balancing discretion pursuant to Rule 403). The images do not constitute "lascivious exhibition of the genitals" under the statute.

> 2. *For Counts 4 (M.G.), 5 (H.G.), and 6 (N.S.), The Government Failed To Prove That The Requests For Photos Were Attempts To Produce Sexually Explicit Photos.*

"Child pornography is a particularly repulsive crime, but not all images of nude children are pornographic." *Hill*, 459 F.3d at 970. For Counts 4, 5, and 6, the government's theory of prosecution was that requests for nude photos of children were an attempt to produce lascivious exhibitions of the minors' genitals in violation of 18 U.S.C. §§ 2251(a) and (e). Requests for nude photos of minors is not a violation of 18 U.S.C. §§ 2251(a) and (e). In *United States v. Perkins*, this Court reviewed the image of a nude female child and concluded it was not child pornography, despite

14

the allegation that the person who possessed the image had been previously convicted of incest and first-degree child molestation:

> The subject is not posed in a sexual position with, for example, "her open legs in the foreground." *Dost*, 636 F. Supp. at 832. She is not pictured with any sexual items. She is sitting in an "ordinary way for her age." *Id.* Indeed, if the subject were clothed, this would be a completely unremarkable photo. Viewing the image as a whole, we conclude, under the *Dost* six-factor test, that it does not depict the "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2)(A)(v).

850 F.3d 1109, 1121-22 (9th Cir. 2017). Similarly, in this case, there was no attempt to have M.G., H.J., or N.S. posed in a sexual position, with sexual items, or in a sexual setting so that their genitals would be lasciviously exhibited.

### a. For Counts 4 (M.G.) And 5 (H.J.), The Government Did Not Prove That Requests For Nude Photos Of M.G. And H.J. Were Requests For Lascivious Exhibitions Of Their Genitals.

The only evidence the government offered in support of Counts 4 and 5 were Mr. Rockett's requests that M.G. provide "special" photos of herself and his requests to H.J.'s mother, Charis Jumao-as, that she provide "private," "no clothes," "no shy" pictures of H.J. and M.G. SER 86-87; ER 84-123. The government concedes no photos of M.G. or H.J. were recovered from Mr. Rockett's computers or presented at trial. Resp. Br. at 10. Additionally, M.G. testified that Ms. Jumao-as took photos of M.G. and H.J. but both were wearing shorts. SER 98, 101. "[M]asturbating to a

15

picture of a boy in underwear [is] a non-criminal act… ." *United States v. Preston*, 873 F.3d 829, 841 (9th Cir. 2017).

The government failed to show that Mr. Rockett's requests for nude photos of M.G. and H.J. were an attempt to produce a visual depiction of sexually explicit conduct. "'Sexually explicit conduct' connotes actual depiction of the sex act rather than merely the suggestion that it is occurring." *Williams*, 553 U.S. at 297. Mr. Rockett made no attempt to direct M.G., H.J., or Ms. Jumao-as to focus the photographs on the minors' genitals, to put the images in a sexually suggestive setting, to depict the minors in an "unnatural pose" or in "inappropriate attire," or to suggest "sexual coyness or a willingness to engage to sexual activity." ER 28.

The government argues that evidence that Mr. Rockett offered money and gifts for the photos demonstrated that the photos had value to him. Resp. Br. at 23. But that is insufficient evidence that Mr. Rockett attempted to produce visual depictions of a "lascivious exhibition of the genitals." The government's reading would collapse the *Dost* six-factor test to its last factor: whether the image is intended to elicit a sexual response in the viewer. If Mr. Rockett's subjective intent were the only yardstick by which to measure child pornography, "a sexual deviant's quirks could turn a Sears catalog into pornography." *United States v. Amirault*, 173 F.3d 28, 34 (1st Cir. 1999) ("Private fantasies are not within the statute's ambit.")

(citing *Wiegand*, 812 F.2d at 1245); *see Jacobson*, 503 U.S. at 551–52 (1992) ("a person's inclinations and 'fantasies ... are his own and beyond the reach of government.'") (quoting *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 67 (1973))).

> **b.** **For Count 6 (N.S.), The Government Did Not Prove That Requests For Nude Photos Of N.S. Were Requests For Lascivious Exhibitions Of Her Genitals.**

Mr. Rockett was charged in the indictment and convicted in Count Six for asking N.S. to send him "good quality and no shy" photos of herself in messages sent from May 2, 2013, to June 22, 2013. ER 1, 67-77. When N.S. responded that she did not have a mirror, the reply was to "use the one in the bathroom just stand back and hold the camera higher up and point it downwards to get the full picture." ER 71. The government also introduced N.S.'s statements that Mr. Rockett raped N.S. in 2009 through 2011 and photographed himself raping her in 2011. Resp. Br. at 2-4, Ex. 24. The government did not produce any photo of the alleged rape in 2011 or any other nude or partially-nude photos of N.S. The government did not introduce any evidence that Mr. Rockett asked N.S. to focus the image onto her genitalia area or display herself in a sexual manner.

In *Amirault*, the First Circuit reviewed de novo a fully nude photograph of a naked female child on a beach and found that it did not contain a lascivious exhibition of the genitals. 173 F.3d at 35. The court found significant that,

"[a]lthough the girl's pubic area is on clear display, there is no close-up view of the groin, and the genitals are not featured in the center of the composition. Moreover…, the girl's legs are not widespread and the lighting of the photograph is not primarily directed at the genital region." 173 F.3d at 35. In *United States v. Battershell*, this Court found that a photograph described as "a young female (8–10 YOA) naked in a bathtub" was insufficient to establish probable cause that the photograph lasciviously exhibited the genitals or pubic area. 457 F.3d 1048, 1051 (9th Cir. 2006).

Similarly, there was no attempt for the requested photograph to contain a "lascivious exhibition" of N.S.'s genitals. The request to "just stand back and hold the camera higher up and point it downwards to get the full picture" (ER 71) would not have resulted in close view of the genitals. Instead, the attempted photo would have been much like the nude selfie in *Perkins* that this Court concluded, under the *Dost* six-factor test, did not depict the "lascivious exhibition of the genitals or pubic area" under 18 U.S.C. § 2256(2)(A)(v). 850 F.3d at 1121-22.

Evidence that N.S. was sexually abused two years prior does not turn the attempt to seek a nude selfie from a minor into attempted production of child pornography. Whether Mr. Rockett was sexually interested in nude photos of N.S. is not the end of the inquiry. The government had the burden to prove that the image

18

that Mr. Rockett attempted to produce was a "lascivious exhibition" of N.S.'s genitals. It did not show beyond a reasonable doubt that Mr. Rockett attempted to pose her unnaturally or in a sexually suggestive setting so that the image produced would be focused on her genitalia. As in *Amirault*, *Perkins*, and *Battershell*, this Court should find that the solicitation of a nude photo of a child is not an attempt to produce child pornography.

> 3. *For Counts 7 (D.S.) And 8 (B.S.), The Government Failed To Prove That Surreptitious Videotapes Of Minors In The Bathroom Depicted A Lascivious Exhibition Of The Genitals.*

The government fails to point to a single Ninth Circuit decision finding an unedited surreptitious recording of a nude child to be a lascivious exhibition of the genitals. In *Steen*, the Fifth Circuit found that such a recording did not. 634 F.3d at 827-28. The defendant in *Steen* had been convicted of production of child pornography for surreptitiously videotaping a minor in a tanning salon booth. 634 F.3d at 824. The Fifth Circuit applied the clear error standard to the jury's conviction to determine whether the evidence was sufficient to support the factual finding that the image was a lascivious exhibition of the genitals. 634 F.3d at 826. Applying the *Dost* factors and the statutory text, the court found it was not. *Steen*, 634 F.3d at 827. The court found that, although the minor was nude, the focal point of the video was not the minor's genitalia, and that, because the minor did not know she was being

19

filmed, she was of course acting naturally and without coyness or the willingness to engage in sexual activity. *Id.*

The court then turned to the last factor: whether the video was intended or designed to elicit a sexual response in the viewer. *Id.* The court of appeal found that the video could not have been considered to be intending to elicit a sexual response any more than mere nudity, which is not of a sexual nature:

> Even if one assumes Steen was stirred by his voyeuristic pursuits, there is insufficient evidence to conclude that the image of C.B.'s genitals was designed to elicit a sexual response or whether, perhaps, merely being a voyeur excited Steen. When a photographer selects and positions his subjects, it is quite a different matter from the peeking of a voyeur upon an unaware subject pursuing activities unrelated to sex.

634 F.3d at 828.

In *United States v. Johnson*, a district court in the Middle District of Florida similarly found that surreptitious video recordings depicting nude minors in the bathroom were not lascivious exhibitions of the genitals. No. 2:10-CR-71-FTM-36DNF, 2011 WL 2446567, at *9 (M.D. Fla. June 15, 2011). The district court applied the *Dost* test and found that, although the minor was nude, the focal point of the video was not the pubic area since there was no close-up of the pubic area. 2011 WL 2446567, at *8. The district court also found that the bathroom was not a sexually suggestive setting. *Id.* Turning to the last *Dost* factor, the district court found that "there is no evidence tending to support a finding that Defendant is

20

sexually excited by viewing minors as opposed to being merely excited by engaging in voyeurism." 2011 WL 2446567, at *9.

As in *Steen* and *Johnson*, Mr. Rockett did not position his subjects; he surreptitiously peeped at them while they were pursuing activities unrelated to sex. For Counts 7 and 8, producing child pornography of D.S. and B.S., respectively, the government's evidence failed to show that Mr. Rockett was excited by the images of the minors' genitals as opposed to a voyeur's excitement of catching them nude unaware. The government presented surreptitiously captured video of the two boys entering and exiting the shower, nude, with their torsos and genitals visible on camera. Govt. Exhibit 10. D.S. and B.S. testified that Mr. Rockett touched their genitals. SER 192-94, 197-98, 216-21. D.S. and B.S. each testified that when Mr. Rockett touched them, Mr. Rockett was not taking photos. SER 198, 220-21. The government did not present the nude photos of D.S. and B.S. that were allegedly taken, only the surreptitious video recordings.

The surreptitious recordings of the two boys were not lascivious exhibitions of their genitals, even under the *Dost* factors. The video did not focus on their genitalia through close-ups or editing. Exhibit 10, 6564f2f5_0_13235.DIF, 535a74b0_0_1075.DIF, 00f4d0af_4993_2729.M2V, edited stills.mov. In most of the clips, the camera is a distance away from the children so their genitals are not

clearly visible. *Id.* In much of the videos, the children's genitalia are visible only briefly, mostly obscured by towels or the bathroom counter. *Id.* As in *Steen*, the minors were not depicted unnaturally or suggestively.

The government argues that the setting, a bathroom, was sexual, citing two out-of-circuit cases, *United States v. Wells*, 843 F.3d 1251, 1256 (10th Cir. 2016), *cert. denied*, No. 16-8379, 2017 WL 1037293 (U.S. Oct. 2, 2017), and *United States v. Larkin*, 629 F.3d 177, 183 (3d Cir. 2010). But in this Circuit, the Court found in *Battershell* that a photo with "a young female (8–10 YOA) naked in a bathtub" was insufficient to establish probable cause that the photograph lasciviously exhibited the genitals or pubic area. 457 F.3d at 1051; *see also Williams*, 553 U.S. at 301 ("Where the material at issue is a harmless picture of a child in a bathtub and the defendant, knowing that material, erroneously believes that it constitutes a 'lascivious exhibition of the genitals,' the statute has no application").

In *Johnson*, a district court called the question as to whether the bathroom is a sexually suggestive setting "a close question" before concluding that, because the surreptitious recording "does not focus on the minor's genitals or pubic area, and she was acting naturally when disrobing, showering and covering herself upon exiting the shower," the bathroom was not sexually suggestive. 2011 WL 2446567, at *8. Similarly, in this case, the recording was not focused in on the minors'

genitalia, and the minors in the video acted naturally. The bathroom setting is thus not conclusively a sexual setting.

Turning to the last *Dost* factor, D.S. and B.S. testified that Mr. Rockett touched their genitals. The conduct charged in these counts, however, is not sexual abuse but recording the minors in the bathroom. There was insufficient evidence that the video recordings were intended or designed to elicit a sexual response of a pedophilic nature, as opposed to a voyeuristic nature, as in *Steen* and *Johnson*.

> 4.   *For Count 1, The Government Invited The Jury To Convict Under A Number Of Theories That Were Not Sufficiently Supported By The Evidence.*

In Count 1, Mr. Rockett was convicted of producing child pornography in the Philippines from January 23, 2000, to January 29, 2013. In his opening brief, Mr. Rockett argued that the production of child pornography counts, which include Count 1, were not supported by the evidence and, specifically, that this Court should review the contents of Exhibit 10 and determine that the depictions of the children do not contain lascivious exhibitions sufficient to support a conviction for production of child pornography in Count 1. Op. Br. at 26, 52-53.

Neither the sweeping indictment that spans a thirteen-year period (ER 250), the jury instructions (ER 21-22), the government's closing argument (ER 214), nor the verdict (ER 8) specify which conduct or which minors were the subjects of Count

23

1. The government in its response brief calls this count "the general production count" and argues that the evidence supporting this count includes testimony from G.G., V.P., and J.D.L.; the recordings in Exhibit 10; and evidence supporting Counts 4 and 5. Resp. Br. at 14, 21. Yet even on appeal the government does not identify whom the victims are or which depictions constitute the child pornography in Count 1. Resp. Br. at 5-7, 14. The government's failure at every stage of the proceedings to specify the conduct in Count 1 risked jury confusion and demonstrate that there was insufficient evidence to convict Mr. Rockett of Count 1.

### a. The Government Failed To Specify The Conduct Charged In Count 1.

At trial, the government presented Exhibit 10, which included video clips that showed minors showering. SER 415, 433. The video camera produced recordings that included numerous persons using the hotel bathroom, including Mr. Rockett himself and what appear to be several other adults. SER 442-44; Ex. 10, 1-3-2000.mov, 1-13-2000.mov. J.D.L. identified himself, his sister, and his brother showering from screenshots taken from the video. SER 111-13. The recording also included a video of Mr. Rockett with someone identified as J.O. FER 10, 12, 14-16. The government argued at trial that the recording depicted oral sex between Mr. Rockett and J.O. ER 214. The video, however, is unclear: the scene is obscured by a shower curtain and a towel. Ex. 10, 1-13-2000.mov at 1:01 to 1:03. In the video,

24

J.O. also appears to be an adult. Ex. 10, 1-13-2000.mov at 1:01 to 1:03. The defense argued that any sex act with J.O. occurred in 2010 when J.O. was an adult and 21. FER 30. The government argued that it could have occurred in 2007, when J.O. was 16. ER 214; FER 27

G.G. testified he was twelve when he met Mr. Rockett and took a shower in his hotel room, and that Mr. Rockett took photos of him when he took a shower, but did not touch him. SER 24, 28-32. V.P. testified when he was twelve, he showered in Mr. Rockett's hotel with G.G., and Mr. Rockett took his photo while he was in the shower but never touched him. SER 62-64, 69, 75. J.D.L. testified that Mr. Rockett touched his genitals in the bathroom. SER 115-117. Mr. Rockett was convicted of sexual conduct with J.D.L. in Count 2. However, the videotape did not capture any sexual conduct with J.D.L. Ex. 10, 1-13-2000.mov at 00:11; FER 55-56.

During closing argument, the government conceded that it did not have the photos that G.G. or V.P. testified Mr. Rockett took of them in the shower. ER 212. The government argued that Count 1 was supported by testimony of the minors, the videotape of them showering, and the video clip of Mr. Rockett purportedly receiving oral sex from J.O. ER 211-14. The government argued that a variety of conduct and attempts – "secretly recording them in the shower," "he took photos of

25

[G.G.] and [V.P.], "[J.D.L] told you what happened next," "he was seen receiving oral sex from [J.O.]" – could fit the charge. ER 212-14.

### b. The Government Did Not Prove Mr. Rockett Produced Child Pornography Under Any Of Its Theories.

Because the victims were unspecified, the indictment charged the conduct occurred within a broad date range spanning thirteen years, and the government's closing argument did not specify the conduct charged, the jury could have convicted Mr. Rockett in Count 1 under a number of different theories of production of child pornography: (1) recording sex with J.O.; (2) surreptitiously recording J.D.L. or others showering; (3) photographing G.G. and V.P. or contact with J.D.L., off-camera. ER 212-14. Even the government's brief on appeal does not specify which theory was used to convict Mr. Rockett of Count 1. Resp. at 14, 21.There was insufficient evidence to convict Mr. Rockett under any of the theories argued by the government in its closing. ER 212-14.

First, as the defense argued, the evidence showed that J.O. was not a minor at the time of the sex. FER 9, 10-11, 15-16, 18-19. In addition, J.O. did not testify, and the video does not explicitly capture the alleged sexual conduct. Ex. 10, 1-13-2000.mov at 1:01 to 1:03.

Second, the surreptitious recordings in Exhibit 10 were of nude children but their genitals were not lasciviously exhibited. *See Steen*, 634 F.3d at 827–28. The

children's genitals were mostly obscured by their undergarments, shower curtains, and towels. Ex. 10, 1-3-2000.mov, 1-13-2000.mov. Children's genitals are only visible briefly in the videos, and there is no evidence that the video was edited to feature their genitals. *Id.*

Third, the government did not produce the photos that G.G. and V.P. testified were taken of them while they were nude, and there was no evidence that any camera even had film in it. And any contact with J.D.L.'s pubic area or genitals did not take place on camera.

### c. Count 1 Should Not Have Been Submitted To The Jury.

Because there was a genuine possibility, invited by the government's broad indictment and expansive closing argument, that different jurors might have voted to convict Mr. Rockett on the same count based on a different set of facts, at least one of which was not supported by the evidence, Mr. Rockett's conviction in Count 1 should be overturned for insufficient evidence under the Due Process Clause and for a violation of his substantive right to a unanimous jury verdict under the Sixth Amendment of the Constitution. In *United States v. Lapier*, this Court reversed a conviction of a conspiracy count when the government presented evidence that tended to show multiple conspiracies instead of the single charged conviction. 796 F.3d 1090, 1097-98 (9th Cir. 2015). This Court held that this violated the defendant's

27

"'substantial right to a unanimous jury verdict as granted by Article III, § 2, and the Sixth Amendment of the United States Constitution'" and, further, that "a conviction notwithstanding a genuine possibility of jury confusion and risk of a nonunanimous verdict seriously affects the fairness and integrity of judicial proceedings because it jeopardizes Lapier's constitutional rights." 796 F.3d 1090, 1097–98 (9th Cir. 2015) (quoting *United States v. Gilley*, 836 F.2d 1206, 1212 (9th Cir. 1988)). As in *Lapier*, there was a genuine possibility of jury confusion in this case. The indictment was broad: it did not specify the victims, encompassed a thirteen-year period, and did not even specify the country where the conduct occurred. ER 250. The jury instructions added no specificity. ER 21-22. The government contributed to the "perfect storm" of confusion by arguing in closing that different conduct against different victims in the hotel room in the Philippines could have supported the charge in Count 1. ER 212-14.

There was insufficient evidence to convict Mr. Rockett under at least some of the theories urged by the government, most notably because J.O.'s age at the time of the sexual conduct was not adequately proven. The interactions between Mr. Rockett and J.O. was also alleged to be the most sexually explicit conduct, adding to the potential for conviction based on insufficient evidence. The record establishes there was a genuine possibility of juror confusion over Count 1. Accordingly, the district

28

court plainly erred in permitting this count to go to the jury. Count 1 should be reversed.

**Relief Requested**

This Court should vacate all of Mr. Rockett's convictions for producing child pornography (Counts 1, 4, 5, 6, 7, and 8) because the jury relied on an unconstitutionally vague standard – the sexual response of the viewer – in determining whether the images sought or produced met the statutory requirement of a lascivious exhibition of the genitals or, in the alternative, for insufficient evidence that the images sought or produced depicted lascivious exhibitions of the genitals. This Court should also vacate Counts 1 and 9 against Mr. Rockett due to the risk of prejudicial spillover from the other counts. Op. Br. at 52-53. For the same reasons, Count 2 should also be vacated or, alternatively, remanded to the district court to determine the prejudice from joinder with the other counts. 28 U.S.C. § 2106 (authorizing "such further proceedings to be had as may be just under the circumstances."); *see United States v. Mitchell H.*, 182 F.3d 1034, 1035 (9th Cir. 1999) (ordinarily the Ninth Circuit does not review issues raised for the first time in

a reply brief but will exercise its discretion to consider an issue when the government

had a full opportunity to brief the question and is not prejudiced).

Respectfully submitted this 6th of December, 2017.

 /s/ Stephen R. Sady_____
Stephen R. Sady
Chief Deputy Federal Public Defender

 /s/ Lisa Ma_____
Lisa Ma
Research and Writing Attorney

Attorneys for Appellant

## STATEMENT OF RELATED CASES

I, Stephen R. Sady, undersigned counsel of record for Defendant-Appellant Steven Douglas Rockett, state pursuant to the Ninth Circuit Court of Appeals Rule 28-2.6, that United States Court of Appeal Case No. 17-30167 arises out of the same case in the district court and is pending in this Court.

Respectfully submitted this December 6, 2017.

*/s/ Stephen R. Sady*
Stephen R. Sady
Chief Deputy Federal Public Defender

Attorney for Appellant

31

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,889 words, excluding the parts of the brief exempted by Fed. R. App. B. 32(a)(7)(B)(iii).

2.     This brief complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced type face using Word 2013 in 14-point Times New Roman font.

Respectfully submitted this December 6, 2017.

*/s/ Stephen R. Sady*
Stephen R. Sady
Chief Deputy Federal Public Defender

Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that on December 6, 2017, I electronically filed the foregoing Appellant's Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jill Dozark*
Jill Dozark